UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN RE:
BURTON WIAND RECEIVERSHIP
CASES PENDING IN THE TAMPA                    Case Nos.: 8:05-cv-1856-T-27MSS, *et al.*
DIVISION OF THE MIDDLE
DISTRICT OF FLORIDA
_____/

## OMNIBUS ORDER

**BEFORE THE COURT** is Defendants' Omnibus Motion for Reconsideration of the Court's March 26, 2008 Omnibus Order in the thirty-one cases listed in Appendix A, to which the Receiver has responded in opposition. Upon consideration, Defendants' motion is **DENIED**.

*Standard*

There are three instances in which relief pursuant to a motion for reconsideration is proper: (1) to provide the Court with newly discovered evidence that was not previously available; (2) to present an intervening change in the controlling law; or (3) to prevent or correct clear error of law or prevent manifest injustice. *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994); *Wendy's Int'l, Inc. v. Nu-Cape Constr., Inc.*, 169 F.R.D. 680, 686 (M.D. Fla. 1996). Reconsideration of an order is an extraordinary remedy to be employed sparingly. *United States v. Bailey*, 288 F. Supp. 2d 1261, 1267 (M.D. Fla. 2003). In the instant motion, Defendants reargue facts and law previously presented, which does not justify the granting of a motion for reconsideration. *See Michael Linet, Inc. v. Village of Wellington*, 408 F.3d 757, 763 (11th Cir. 2005).

1

*Discussion*

## 1. *FUFTA claims*

With respect to this Court's denial of the motions to dismiss the Receiver's FUFTA claims, Defendants argue that the Court incorrectly relied on the Eleventh Circuit's decision in *S.E.C. v. Elliott* for two reasons: (1) the Eleventh Circuit incorrectly applied FUFTA to that case; and (2) this Court is bound to decide the claim as the Florida Supreme Court would, not the Eleventh Circuit.

In *S.E.C. v. Elliott*, the Eleventh Circuit expressly relied on FUFTA. This Court will not independently assess the application of FUFTA in that case or consider Defendants' suggestion that "the Eleventh Circuit's cite to Section 726.105(1)(a) was a scrivener's error." (Dkt. 91, p. 5); *See S.E.C. v. Elliott*, 953 F.2d 1560, 1568 (11th Cir. 1992). The pertinent point is that the Eleventh Circuit applied FUFTA to allegedly preferential transfers by a Ponzi scheme perpetrator in a federal securities receivership proceeding. Moreover, the court's application of FUFTA finds support in subsequent Florida case law and the plain language of FUFTA. (*See* March 26, 2008 Order at 4-6).

As to the second argument, this Court's attention to Florida state law in the March 26, 2008 Order aptly demonstrates adherence to *Erie* principles. Notably, Defendants fail to cite any Florida case suggesting that the Florida Supreme Court would have reached a different result, as to either the primary issue of whether the Receiver is entitled to pursue FUFTA claims against these Defendants, or as to the sub-issue of whether the Receiver adequately alleged the transfer of an "asset." Defendants instead improperly dispute the ultimate outcome of this Court's analysis, while failing to acknowledge Rule 8 notice pleading standards.

## 2. *Unjust enrichment claims*

With respect to this Court's denial of the motions to dismiss the unjust enrichment claims,

Defendants argue that: (1) the Court "skips completely" an analysis of whether the Receivership Entities conferred a "benefit" upon Defendants; and (2) the Court was incorrect in holding that the Defendants were "enriched" by the alleged "returns of principal." Defendants' first contention is incorrect. (*See* March 26, 2008 Order at 10). Defendants' second argument was fully addressed in the March 26, 2008 Order and will not be revisited.

Furthermore, even to the extent the Court now considers the Eleventh Circuit's decision in *O'Halloran v. First Union National Bank of Florida*, which Defendants note "was not properly briefed for the Court," this case does not suggest a different decision with respect to the unjust enrichment claims. In *O'Halloran*, the court addressed a bankruptcy trustee's standing to bring tort claims against a third-party bank, not a quasi-contractual claim for unjust enrichment directly against Ponzi scheme investors. See *O'Halloran v. First Union Nat'l Bank of Fla.*, 350 F.3d 1197, (11th Cir. 2003); *see also O'Halloran v. PricewaterhouseCoopers LLP*, 969 So. 2d 1039, 1041 (Fla. 2d DCA 2007) (dismissing claims for breach of fiduciary duty, negligence, aiding and abetting breach of fiduciary duty, breach of contract against accounting firm). As this Court previously noted, a claim for unjust enrichment directly against Ponzi scheme investors "may properly be categorized as an action 'directly against the principals or the recipients of fraudulent transfers of corporate funds to recover assets rightfully belonging to the corporation.'" (*See* March 28, 2007 Omnibus Order at 13) (quoting *Freeman v. Dean Witter Reynolds, Inc.*, 865 So. 2d 543, 551 (2d DCA 2003)).

3. *Levine Defendants' motion for summary judgment*

The Levine Defendants merely reargue the merits of the motion for summary judgment. The motion for reconsideration is therefore denied.

Defendants' Omnibus Motion for Reconsideration of the Court's March 26, 2008 Omnibus Order is **DENIED** in each of the cases listed in Appendix A to this Order.

**DONE AND ORDERED** in chambers this 5th day of May, 2008.

JAMES D. WHITTEMORE
United States District Judge

Copies to:
Counsel of Record

## APPENDIX A

8:05-cv-01856
8:06-cv-00605
8:06-cv-00608
8:06-cv-00609
8:06-cv-00610
8:06-cv-00611
8:06-cv-00613
8:06-cv-00615
8:06-cv-00617
8:06-cv-00618
8:06-cv-00631
8:06-cv-00636
8:06-cv-00638[1]
8:06-cv-00640
8:06-cv-00642
8:06-cv-00643
8:06-cv-00644
8:06-cv-00647
8:06-cv-00648
8:06-cv-00649
8:06-cv-00650
8:06-cv-00697
8:06-cv-00699
8:06-cv-00700
8:06-cv-00822[2]
8:06-cv-00823
8:06-cv-00824
8:06-cv-00825
8:06-cv-01048
8:06-cv-01049
8:06-cv-01085

---

[1] The Omnibus Motion for Reconsideration of the Court's March 26, 2008 Order was filed in this case, although the Motion to Dismiss (Dkt. 39) remains pending.

[2] The Omnibus Motion for Reconsideration of the Court's March 26, 2008 Order was filed in this case, although the Motion to Dismiss (Dkt. 53) remains pending.